IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-4002-07-CR-C-NKL |
| ) | |
| FREDERICK WILLIAM WEDDINGTON, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

ORDER

On September 12, 2006, United States Magistrate Judge William A. Knox recommended that Defendant Frederick William Weddington's ("Weddington") Motion to Suppress [Doc. # 119] be denied. *See* Report and Recommendation [Doc. # 158]. The R&R reminded the parties that they had ten days from the date they received the R&R to file objections. More than ten days have passed and no objections have been filed. Having conducted an independent review of the record, the Court concludes that Judge Knox's Report and Recommendation should be adopted.

DEA Agents Steve Mattas and Kyle Scheer went to Weddington's residence on November 21, 2005, to conduct a follow-up interview about a drug search warrant executed there four months earlier. The agents, who were wearing street clothes rather than uniforms, showed their credentials to Weddington and his wife, who was also

1

present. Weddington invited them in and the four sat down to talk in the Weddingtons' living room. The agents informed Weddington that a wire tap had given them reason to believe that he was involved in the distribution of marijuana with Rodney Keith Rodebaugh, and they asked him what he knew about Rodebaugh. Weddington told the agents he wanted to cooperate with them, and he was given contact information for the United States Attorney prosecuting Rodebaugh's case. Although Weddington made several self-incriminating statements that day, he was not advised of his *Miranda* rights or arrested until January 18, 2006. Upon his arrest, Weddington maintained his intention to cooperate with police. After reading a report of his previous conversation with the DEA agents, he asked to speak with an attorney.

The credible evidence presented at the hearing on Weddington's Motion to Suppress demonstrates that he was not in custody during his November 21, 2005, interview with the DEA agents. There is no evidence that his freedom of action was deprived in any significant way. *United States v. Martin*, 369 F.3d 1046, 1056 (8th Cir. 2004). Weddington invited the agents into his house. He and his wife asked to see and were shown the agents' credentials. The agents were dressed casually and all parties were seated in Weddington's living room during the conversation. He did not ask the agents to leave at any point. In fact, he expressed a desire to cooperate in their investigation. The agents left without arresting him. Under the totality of circumstances, a reasonable person would not have considered himself to be in custody during this

2

conversation. Accordingly, *Miranda* warnings were not required at that time. *See United States v. Hamlin*, 432 F.2d 905, 908 (8th Cir. 1970).

Moreover, there is no credible evidence that Weddington's will was overborne so as to make his statements involuntary. *Haynes v. State of Washington,* 373 U.S. 503, 513-14 (1963). The agents gave Weddington an accurate statement about the range of punishments he might face and suggested that cooperation might benefit him. *Rachlin* v. *United States*, 723 F.2d 1373, 1378 (8th Cir. 1983) (no implied promise of leniency when agents communicated to defendant that it would be in his best interest to cooperate). Nor is there any credible evidence that Weddington's sixth grade education or prescription medication interfered with his ability to understand his conversation with the agents. Given the totality of circumstances, the Court concludes that Weddington's statements were voluntary.

Accordingly, it is

ORDERED that Judge Knox's Report and Recommendation of September 12, 2006 [Doc. # 158], is ADOPTED. The challenged statements will not be suppressed.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: October 2, 2006
Jefferson City, Missouri